THE STATE MUTUAL BUILDING AND LOAN ASSOCIATION OF NEW JERSEY

v.

JAMES G. BATTERSON, JR., et al.

[Filed December 29th, 1903.]

1. It is no defence to the foreclosure of a building association mortgage that the mortgagors received no personal benefit from the loan which it is intended to secure.

2. A mortgagor cannot set up as a defence to foreclosure of the mortgage that he had no title to the premises.

On bill, answer and proofs.

*Mr. Edward Ambler Armstrong,* for the complainant.

*Mr. Francis Scott,* for the defendants.

GREY, V. C. (orally).

The bill is an ordinary bill for the foreclosure of a building association mortgage. The defence, as pleaded in the answer, is that the defendants did not make the mortgage, did not own the mortgaged property, that neither of them was a member of the complainant association and neither held any of its stock— in short, that they had nothing to do with the transaction.

· The undisputed evidence contradicts the denials of the answer. The defendants, Batterson and Chittuck, did make the mort-

gage; Mr. Chittuck did hold the title to the mortgage premises. Mr. Batterson acknowledged himself to be the owner of stock in the complainant association by signing as part of the arrangement of the loan an assignment of shares of its stock. It is also proven that such shares were issued, but not delivered, to Mr. Batterson, because, by his agreement and assignment, they were transferred to the complainant association as security for the loan. Instead of having nothing to do with the mortgage transaction, as stated in the answer, Messrs. Batterson and Chittuck were active participants in its creation.

The evidence shows that, for purposes satisfactory to them, Messrs. Batterson and Chittuck desired to raise the mortgage-money by way of loan on the mortgaged premises. It may be inferred that neither Mr. Batterson nor Mr. Chittuck personally received any benefit from the loan. It is also quite plain that they neither of them expected or intended, in arranging the loan, that either should personally have any benefit from it. Mr. Chittuck testifies that he was "a stool pigeon" in the matter. The mortgagors raised the mortgage-money for other purposes than their own benefit. It was paid out by the association and used as the mortgagors intended it should be.

The defence has made an argument here, based upon the idea that in making this loan the provisions of the constitution and by-laws of the complainant association have not been strictly observed; that the defendant Batterson was not a stockholder, &c., and that the mortgagors got no benefit from the mortgage-money.

It is not denied that the defendant Batterson executed the formal papers necessary to make him a stockholder; that the money which is named in the mortgage was obtained from the mortgagee, the complainant in this suit, on this mortgage; that at the time the mortgage-money was raised it was not expected that it should go beneficially to either of the mortgagors. The mortgage itself shows that the money was obtained from the complainant association on the representation that Mr. Chittuck was the owner of the mortgaged premises and Mr. Batterson's assignment recognizes his ownership of the stock. There

has been no substantial showing that the mortgage-money was not paid out in accordance with the original purpose of the mortgagors.

The argument of the defendants' counsel seems to be that unless the mortgagors were the actual beneficiaries of the mortgage transaction, using the mortgage-money for their personal benefit, they may answer the suit for the recovery, according to their contract of payment, by saying "though we induced you to make this loan, and gave the mortgage to secure its payment, you have no right to foreclose the mortgage, because we personally got no benefit from the transaction."

I do not think that can possibly be held to be the law. The damage consideration to the complainant association in making this loan, according to defendants' contract borrowing the money, is just as great whether the defendants had any benefit from the transaction or not. A mortgagor may give a mortgage, upon the understanding that the mortgage-money may be used for any purpose which suits him, whether beneficial to him or not. The mortgage is good in either case. All the varied transactions whereby one man becomes surety by making a mortgage to secure a loan made to another, are examples of this principle.

It is claimed that the complainant ought not to have a decree against Mr. Batterson, one of the mortgagors, because it is said that Mr. Batterson has no title to the mortgaged premises. By executing the mortgage, he represented that he had the title. He obtained the mortgage-money to be paid out on that representation. I think it is quite clear that it does not lie with a mortgagor to make such a defence. A mortgage forclosure is not a proper suit in which to try the question of the title of the mortgagor to the premises which he has admittedly mortgaged.

There cannot be any decree that either of the mortgagors shall pay any deficiency of the mortgage-money. The statute prevents that. The complainant is, however, entitled to have the amount due on the defendants' mortgage ascertained by an accounting against the mortgagors, and also a decree that the equity of both the defendants in the mortgaged premises shall be cut off and barred by a sale under a decree of foreclosure.

West Jersey, &c., R. R. Co. *v.* Atlantic City, &c., Trac. Co.

There is substantially no dispute as to the amount due upon the mortgage under the contract of the defendants.

I will advise a decree against all of the defendants, as above indicated.